UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

Plaintiff,

- v -

BROADWAY 340 MADISON FEE LLC,
McCLOSKEY MECHANICAL CONTRACTORS
INC., REDLINE SHEET METAL INC., DONATO
PLUMBING INC., NOVA ELECTRIC LLC,
MATROS AUTOMATED ELECTRICAL
CONSTRUCTION, BO GUARD MECHANICAL
LLC, CONSTRUCTION RESOURCES CORP. OF
NEW YORK, KING ROSE OF NY INC., DNJ
INDUSTRIES INC., and JOHN DOE #1 through
JOHN DOE #100, the last one hundred names
being fictitious and unknown to Plaintiff, the
persons or parties intended being the tenants,
occupants, persons, or corporations, if any, having
or claiming to have some interest in or lien upon the
premises described in the complaint,

Defendants.

Case No. 1:24-cv-03865 (KPF)(RFT)

**STIPULATED CONFIDENTIALITY
AGREEMENT AND PROTECTIVE
ORDER**

---

The parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1.    Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

      a.      previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

      b.      previously nondisclosed material relating to ownership or control of any non-public company;

      c.      previously nondisclosed business plans, product development information, or marketing plans;

      d.      any information of a personal or intimate nature regarding any individual; or

      e.      any other category of information hereinafter given confidential status by the Court.

3.      With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and by also producing for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

4.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order.

5.      No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

      a.      the parties to this action;

      b.      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c.  outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d.  any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e.  as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.  any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g.  any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h.  stenographers engaged to transcribe depositions conducted in this action; and

i.  the Court and its support personnel.

6.  All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

7.  Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 3.C of this Court's Individual Practices in Civil Cases.

8.  All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford

confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

9.  Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

10. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

11. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

12. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose, except by order of the Court. The receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

13. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

14. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information.

15. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

16. Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

17.   Within 60 days of the final disposition of this action—including all appeals—all recipients of Confidential Discovery Material must either return it—including all copies thereof—to the Producing Party, or, upon permission of the Producing Party, destroy such material—including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

18.   This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

_/s/ Alan M. Feld_                                          _/s/ Latisha V. Thompson_
Alan M. Feld                                                Latisha V. Thompson
Damani C. Sims                                             Y. David Scharf
Sheppard, Mullin, Richter & Hampton LLP    Morrison Cohen LLP
30 Rockefeller Plaza                                    909 Third Avenue, 27th Floor
New York, New York 10112                          New York, New York 10022
Tel.:  (212) 653-8700                                   Tel.:  (212) 735-8600
afeld@sheppardmullin.com                         lthompson@morrisoncohen.com
dsims@sheppardmullin.com                         ydscharf@morrisoncohen.com
_Attorneys for Plaintiff_                              _Attorneys for Defendant_

Dated: September 4, 2024                          Dated:  September 4, 2024

**SO ORDERED.**

```
This confidentiality agreement does not bind the Court or any of its
personnel.  The Court can modify this stipulation at any time.  The
Court will retain jurisdiction over the terms and conditions of this
agreement only for the pendency of this litigation.  Any party wishing
to make redacted or sealed submissions shall comply with Rule 9 of this
Court's Individual Rules of Civil Procedure.
```

Dated: New York, New York
       September 5, 2024

                                                            _Katherine Polk Failla_
                                                     _____
                                                     Hon. Katherine Polk Failla
                                                     United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASSACHUSETTS MUTUAL LIFE
INSURANCE COMPANY,

Plaintiff,

- v -

BROADWAY 340 MADISON FEE LLC,
McCLOSKEY MECHANICAL CONTRACTORS
INC., REDLINE SHEET METAL INC., DONATO
PLUMBING INC., NOVA ELECTRIC LLC,
MATROS AUTOMATED ELECTRICAL
CONSTRUCTION, BO GUARD MECHANICAL
LLC, CONSTRUCTION RESOURCES CORP. OF
NEW YORK, KING ROSE OF NY INC., DNJ
INDUSTRIES INC., and JOHN DOE #1 through
JOHN DOE #100, the last one hundred names
being fictitious and unknown to Plaintiff, the
persons or parties intended being the tenants,
occupants, persons, or corporations, if any, having
or claiming to have some interest in or lien upon the
premises described in the complaint,

Defendants.

Case No. 1:24-cv-03865 (KPF)(RFT)

**NON-DISCLOSURE AGREEMENT**

I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____         _____